J-A24002-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :

            v.                               :
                                          :

TERRY JAMES WALLACE         :
                                          :

          Appellant           :      No. 904 WDA 2019

Appeal from the Judgment of Sentence Entered April 22, 2019
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000845-2018

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:             FILED OCTOBER 07, 2020

Appellant, Terry James Wallace, appeals from the aggregate judgment

of sentence of 20 to 41 years' incarceration, imposed after he pled guilty to

one count of corruption of minors, 730 counts of sexual intercourse with

animals, and 730 counts of cruelty to animals. Appellant solely challenges the

discretionary aspects of his sentence. We affirm.

The trial court set forth the following summary of the facts and

procedural history of this case:

> The case at bar involves sexual intercourse with horses,
> goats, and dogs by … [Appellant,] and the exposing of his minor
> child (sixteen years old) to these deviate sex acts. No trial was
> held, but [Appellant entered] a guilty plea and accepted all facts
> in the affidavit of probable cause[,] as set forth below.
> [Appellant], Marc Measnikoff ("Measnikoff"), and Matthew
> Brubaker ("Brubaker") all owned a plot of land in Munson,
> Pennsylvania. [Appellant] and his child lived in a camper on one
> side of the property, and Measnikoff and Brubaker shared a
> camper on the other side of the property. [Appellant] owned one

horse. Measnikoff owned nine horses, seven of which were female and two of which were male. Brubaker owned five horses, four of which were female, one of which was male. There were also goats, at least one cow, and dogs on the property. [Appellant] had sexual intercourse with dogs, goats, a cow, and each of the female horses. [Appellant] had sexual intercourse with animals daily. [Appellant] would often videotape these sexual encounters.

This case came to the attention of police after an interview with [Appellant's] child, who reported that for the past four [to] five years[,] he ha[d] been exposed to all three men having sexual intercourse with animals on a daily basis. The child stated that he first discovered this conduct when he found a video of his father, [Appellant], having sexual intercourse with a goat on the[ir] shared i[P]ad. The child reported that [Appellant] would receive a message from Measnikoff and/or Brubaker and go to their camper. The child would then be expected to locate a particular horse, walk it into a V shaped chute, and wait on the other side of the wall until whoever was abusing the horse finished having sexual intercourse with it. The child also noted that the living conditions were deplorable, as he had to regularly collect rain water to take a shower, had a limited supply of canned food, no electricity, and no bathrooms were located on the property.

On January 25, 2019, [Appellant] entered an open plea of guilt, providing the sentencing court full discretion in determining sentencing, to one count of corruption of minors (misdemeanor of the first degree), [730] counts of sexual intercourse with animals (misdemeanor of the second degree), and [730] counts of cruelty to animals (summary offense). At the … sentencing hearing, it was determined that [Appellant] had a prior record score of zero. The standard range for corruption of minors [was] restorative sanctions [to] three months[' incarceration]. This court sentenced [Appellant] in the aggravated range to six months[' to] two years[' incarceration] for corruption of minors. The standard range for sexual intercourse with animals [was] restorative sanctions. This court sentenced [Appellant] in the aggravated range to three … [to] six months[' imprisonment] on the first [78] counts of sexual intercourse with … animal[s,] to be served consecutively. Cruelty to animals is a summary offense. [Appellant] was sentenced to two years['] probation for cruelty to animals[,] to be served concurrent to the above[-]mentioned sentence. Additionally, this court determined [Appellant] shall have no unsupervised contact with anyone under the age of eighteen years old, and shall not

consume alcohol.[1]  In making its determination, the court noted ... the severity of the acts, the number of acts committed by [Appellant], the fact that [Appellant] videoed the acts, and the harm that resulted [to] the child from viewing these videos at all, but especially at such a young age.

On May 21, 2019, [Appellant's] motion for reconsideration of sentence was heard.  On the sexual intercourse with animals sentence, defense counsel argued that by using the amount of counts as a reason for sentencing in the aggravated range, this court [had] double-aggravat[ed] the charges.  Defense counsel further argued that the majority of the sentence imposed related to the sexual intercourse with animals charge[,] rather than the corruption of minors charge, which he deemed to be backwards. The Commonwealth responded that each count constitutes a specific instance of criminal conduct, and that [Appellant] should be sentenced accordingly.  The court took this under advisement, [and] ultimately denied [Appellant's] request [for modification of his sentence].

Trial Court Opinion (TCO), 8/19/19, at 1-3 (unnecessary capitalization omitted).

Appellant filed a timely notice of appeal, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The court filed its Rule 1925(a) opinion on August 19, 2019.  Herein, Appellant states one issue for our review:  "Whether the [s]entencing [c]ourt abused its discretion by imposing a sentence that was excessive, clearly unreasonable, and disproportionate to the severity of the offenses committed?"  Appellant's Brief at 9.

Appellant's issue implicates the discretionary aspects of his sentence.

_____

[1] Measnikoff and Brubaker also pled guilty to the same offenses as Appellant, and were both sentenced to identical, aggregate terms of 20 to 41 years' incarceration.  Measnikoff's appeal is docketed at 1405 WDA 2019, and Brubaker's appeal is docketed at 1287 WDA 2019.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. Commonwealth v. Mann, 820 A.2d 788, 794 (Pa. Super. 2003), appeal denied, 574 Pa. 759, 831 A.2d 599 (2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Sierra, supra at 912–13.

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010)).

In this case, Appellant preserved his sentencing issue in his post-sentence motion, he filed a timely appeal, and he has included a Rule 2119(f) statement in his appellate brief. Therein, he contends that the court provided inadequate reasons for sentencing him in the aggravated range for all of his

convictions, and that "[t]he sentencing scheme places a disproportionate emphasis on the offenses against the animals when the factual basis for the offenses against the animals and the offense against the [minor victim] are the same." Appellant's Brief at 13-14. Additionally, Appellant avers that the court failed to account for his rehabilitative needs, the protection of the public, and his lack of a prior record. Id. at 14.

Notably, Appellant does not cite any legal authority to demonstrate that any of his claims presents a substantial question for our review, and he also fails to explain how his sentence is inconsistent with the Sentencing Code or the fundamental norms underlying the sentencing process. Accordingly, he has not demonstrated that his issues constitute substantial questions warranting our discretionary review.

Notwithstanding, we would conclude that Appellant is not entitled to relief. We are mindful that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Shugars, 895 A.2d 1270, 1275 (Pa. Super. 2006).

In the two-page Argument section of Appellant's brief, he provides the following discussion to support his claim that the sentencing court abused its discretion:

The sentence in question meets the vacate test set forth in 42 Pa.C.S.[ §] 9781 for the following reasons:

1. The [c]ourt fails to provide any factual basis for using an aggravated range.

2. The [c]ourt fails to provide any factual basis for using a consecutive per count approach.

3. The [c]ourt fails to provide any factual basis as to the rehabilitation needs of [Appellant].

4. The [c]ourt fails to provide any factual basis as to the seriousness of the offenses [that] exist[s] outside of the statutory elements of the offenses.

5. The [c]ourt fails to provide any factual basis as to any special need[] to protect the public.

6. The [c]ourt places a disproportionate emphasis on the offenses concerning the animals.

It is this last factor that presents the most glaring abuse of discretion and abject lack of reasonableness. Of the 20 … to 41 year[] sentence, only 2.5% (6 months to 2 years) of that minimum sentence is attributable to the offense against the minor. The number of counts is misleading. The exposures and the acts are equal. The corruption in question is based upon exposing the minor to the sexual offenses against the animals. At a minimum, the sentence should be apportioned equally. This is especially true since the [s]entencing [c]ourt's opinion is dedicated to the concern it has for the minor. The sentence should reflect the paramount concerns of the [c]ourt.

Appellant's Brief at 15-16.

Appellant's cursory argument — unsupported by citations to the record or any legal authority — does not establish an abuse of discretion by the

sentencing court. In its Rule 1925(a) opinion, the trial court provided a lengthy discussion of its rationale in imposing aggravated-range, consecutive terms of incarceration. See TCO at 4-8. In particular, the court explained that aggravated-range sentences were warranted due to the nature, severity, and "sheer amount of times this conduct occurred[,]" as well as the fact that Appellant involved his minor son in the commission of his crimes. Id. at 7. The court also stressed that "[t]he nature and severity of these crimes shocked the conscience of [the c]ourt[,]" and "aggravated sentences were appropriate to protect the public[,]" given that Appellant "subjected his child to … videos [of his crimes] and recruited his child's involvement in helping facilitate the sexual encounters with the animals." Id. at 6. The court found that Appellant's prior record score of zero "was not enough to persuade [it] to grant a lesser sentence[,]" as that factor "was outweighed by the aggravating circumstances." Id. at 7.

In regard to Appellant's rehabilitative needs, the court observed that "[t]here was minimal testimony provided to persuade [the c]ourt that [Appellant] would be able to rehabilitate himself." Id. at 5. The court found Appellant's apology for his actions insincere, and it reasoned that the nature of his criminal conduct, which spanned several years and involved his minor son, indicated Appellant would need "a significant amount of time incarcerated in order to be rehabilitated." Id. at 6. Finally, the court rejected Appellant's position that it abused its sentencing discretion by imposing a lengthier sentence for his crimes involving animals than his corruption of minors

offense. The court explained that "the incredible amount of counts associated with the [s]exual [i]ntercourse with [a]nimals charge necessitated a longer sentence than the one count for [c]orruption of [m]inors." Id. at 8.

The court's detailed discussion of its sentencing decision demonstrates that it did not abuse its discretion in fashioning Appellant's lengthy term of incarceration. We would discern nothing unreasonable in the court's decision to impose aggravated-range, consecutive sentences under the facts and circumstances of this case. Accordingly, even had Appellant convinced us that his claims constitute substantial questions for our review, we would conclude that no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2020